J-S89014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JULIAN WILLIAMS, | |
| Appellant | No. 2625 EDA 2015 |

Appeal from the Judgment of Sentence July 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002117-2015

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                      **FILED January 13, 2017**

Appellant, Julian Williams, appeals from the judgment of sentence entered following his conviction of unauthorized use of automobiles and other vehicles.  We affirm.

The trial court set forth a detailed summary of the underlying facts of this case as follows:

> The Complainant, Mr. Wayne White, testified that on January 15, 2015, in the area of [the] 6700 block of North 18th Street in Philadelphia, PA, at approximately 9:30, 9:45 p.m., he was delivering a pizza to a customer's home when someone got into his parked car and drove away.[4]  (N.T. 7/29/15 pp. 8-9).  Mr. White stated that he ran after the car but could not catch up and therefore had to walk back to the pizza shop where he then called the police.  (N.T. 7/29/15 p. 9).  Mr. White described his vehicle as a red Dodge 1500 pick-up truck with license plate

_____

[*]  Former Justice specially assigned to the Superior Court.

number YTW-9042. *Id*. Mr. White stated that after dialing 911 he waited for the police to arrive to the pizza shop where they took a report. (N.T. 7/29/15 p. 10). Mr. White further stated that he contacted the low jack system on his car and his insurance company at that time to inform them that his car had been stolen. *Id*. Mr. White explained that about twenty (20) minutes had passed between the time he saw his car pulling off and the time he activated the low jack. *Id*.

[4] All references to the record refer to the transcript of the non-jury trial recorded on July 29, 2015.

Mr. White testified that he did not give anyone permission to take his car on the evening in question. (N.T. 7/29/15 p. 10). When asked to describe the condition of his car at the time he last left it, Mr. White stated that there was nothing wrong with it and that, in fact, he had the car painted a couple days prior to the incident. *Id*. Mr. White also testified that he had left the vehicle unlocked and the keys in the car when he went up to the customer's house to deliver the pizza. (N.T. 7/29/15 p. 10).

Mr. White stated that after he reported that his car was stolen, the low jack was activated. (N.T. 7/29/15 p. 10). He testified that since there was nothing else for him to do at the pizza shop, the owner drove him home to South Philadelphia where within five (5) minutes police officers knocked on the door and notified Mr. White that he could pick up his car. (N.T. 7/29/15 p. 11). He stated that thirty (30) to forty (40) minutes passed before he could get his car back. (N.T. 7/29/15 p. 12).

Philadelphia Police Officer Renaldo Agront, assigned to the 39th District, testified that on January 15, 2015 at approximately 10:15, 10:30 p.m. his tour of duty took him to the area of 5200 Magnolia Street, Philadelphia, PA. (N.T. 7/29/15 p. 13). Officer Agront explained that he was on regular patrol in a marked vehicle and in full uniform in the area of Green and Logan Streets when he received a low jack activation on his vehicle. (N.T. 7/29/15 pp. 13-14). Officer Agront stated that he followed the signal to the 5200 block of Magnolia Street where he observed [Appellant][5] operating a red Dodge Ram 1500 with PA tag YTW-9042. (N.T. 7/29/15 p. 14). Officer Agront then verified that the vehicle with this description was in stolen status with police radio. *Id*. Officer Agront observed the vehicle coming off of Ashmead Street, just past a driveway on Magnolia

Street. *Id*. Officer Agront explained that the driveway is a city block long and behind houses each with its own little driveway. *Id*. Officer Agront stated that he observed [Appellant] pull the car up and back down the driveway. (N.T. 7/29/15 pp. 14-15). At this time, Officer Agront and his partner, Officer Collins, pulled in front of the vehicle. (N.T. 7/29/15 p. 15). Officer Agront stated that he noticed a ledge at that location and the way [Appellant] had the car angled, he could not back up any further. *Id*.

[5] Officer Agront identified [Appellant] in court.

Officer Agront testified that when he and his partner exited their vehicle, they observed [Appellant] in the stolen vehicle in motion. (N.T. 7/29/15 p. 15). Officer Agront stopped the vehicle, took [Appellant] out, and also removed a juvenile from the front seat of the vehicle. *Id*. Officer Agront stated that [Appellant] explained that he was moving the car for the juvenile. (N.T. 7/29/15 p. 16). Officer Agront stated that [Appellant] asked officers to close his front door to his home, located at the opposite end of the driveway where he was coming from, as he explained that he had left it open to move the vehicle for the juvenile. *Id*.

Officer Agront testified that the juvenile appeared to be between thirteen (13) and fifteen (15) years old. (N.T. 7/29/15 p. 17). Officer Agront stated that keys were in the vehicle and that he sent out a note to get in touch with the vehicle's owner for it to be recovered. *Id*. Officer Agront testified that ten (10) to twelve (12) minutes had passed between the time he received the low jack hit and the time he found the vehicle. *Id*.

On cross-examination, Officer Agront testified that he prepared paperwork in preparation of the case but did not review it prior to his testimony. (N.T. 7/29/15 pp. 18-19). After Defense counsel presented Officer Agront with the 48-A, Officer Agront stated that [Appellant] was wearing gray flip-flops on the day in question. (N.T. 7/29/15 p. 19). He confirmed that it was cold outside as it was the middle of January and that [Appellant] was also wearing a jacket. *Id*. Officer Agront testified that [Appellant] lived at 544 East Ashmead Street but that he stopped him on Magnolia Street. (N.T. 7/29/15 p. 20).

Officer Agront testified that when he first came in contact with [Appellant], [Appellant] was operating the car. (N.T. 7/29/15 p. 20). Officer Agront stated that there was a juvenile passenger in the car. *Id*. Officer Agront explained that he did the paperwork for [Appellant] but did not do the paperwork for the juvenile, as other officers stopped the juvenile. *Id*. He did not know if paperwork was completed for the juvenile. (N.T. 7/29/15 p. 21). Officer Agront stated that he only spoke to the [juvenile] to ask him if he knew [Appellant]. *Id*. He further stated that [Appellant] was cooperative during the investigation and that [Appellant] stated that he was helping the juvenile passenger move the car. *Id*.

On redirect examination, Officer Agront identified [Appellant] as the individual he saw driving the car on the date in question seated next to counsel. (N.T. 7/29/15 p. 22).

[Appellant] testified that on January 15, 2015 at approximately 10:15 p.m. he was at home at 544 East Ashmead Street, Philadelphia, PA where he has lived for eleven (11) years. (N.T. 7/29/15 p. 24). [Appellant] stated that he was getting ready for bed as he had to work in New Jersey at 8:30 a.m. the next day. *Id*. He explained that his bedroom is in the basement on the ground floor in the back of the house. *Id*. At this time, he stated that he heard a loud bang and thought that someone had hit the house. *Id*. [Appellant] explained that he lives at the end of a dead end driveway with only one way to get in and out and with little traffic, almost none. (N.T. 7/29/15 p. 24).

[Appellant] testified that he opened the door and saw headlights pointing towards his house, with the car trying to make a u-turn. (N.T. 7/29/15 p. 24). [Appellant] explained that it is too narrow to make a u-turn and that he was worried that his house would get hit again so he asked the driver if he needed assistance to back up. *Id*. The driver rolled [down the] window and agreed. *Id*. [Appellant] then backed the car down the driveway, which is about the length of a whole block, and when he got to the end police officers appeared and informed [Appellant] that the vehicle was stolen. *Id*.

[Appellant] testified that the car was inches away from his home when he first encountered it. (N.T. 7/29/15 p. 25). He stated that he was able to move the car about one city block. *Id*. [Appellant] further stated that when officers arrived, they

informed him the car was stolen and asked him to put his hands up and turn off the ignition. *Id*. [Appellant] testified that when he was operating the vehicle it had a key and he did not notice any damage to it. *Id*. When asked why he helped this juvenile, [Appellant] stated that he was worried that his house would get hit again. *Id*. He explained that the kitchen sits on stilts and hangs off the side of the home. (N.T. 7/29/15 p. 25). [Appellant] stated that the stilts keep the kitchen from sagging and the car was about to hit them. (N.T. 7/29/15 pp. 25-26).

Trial Court Opinion, 4/12/16, at 2-6.

Appellant was arrested and charged with theft, receiving stolen property, and unauthorized use of automobiles and other vehicles. On July 29, 2015, at the conclusion of a nonjury trial, Appellant was convicted of unauthorized use of automobiles and other vehicles. At the conclusion of trial, the court immediately sentenced Appellant to serve a term of probation of twelve months. Appellant filed timely post-sentence motions, which the trial court denied on August 14, 2015. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Was not the evidence insufficient as a matter of law to sustain a conviction for unauthorized use of an automobile where the Commonwealth failed to demonstrate that [A]ppellant knew, or should have known, that he did not have the owner's permission to use the vehicle?

2. Was not the verdict so contrary to the weight of the evidence as to shock one's sense of justice and should not a new trial be awarded?

- 5 -

Appellant's Brief at 4.[1]

Appellant first argues that the evidence was insufficient to support his conviction. Appellant's Brief at 13-24. In essence, Appellant claims that the Commonwealth failed to prove that Appellant possessed the appropriate *mens rea* that he recklessly operated the vehicle without the rightful owner's consent. ***Id***. at 14-15.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

---

[1] We note the Commonwealth alleges that Appellant waived these issues on appeal due to an alleged failure to provide a complete record to this Court. Commonwealth's Brief at 6. Specifically, the Commonwealth asserts that the certified record lacks a trial transcript. ***Id***. However, we observe that a transcript of Appellant's combined trial and sentencing, which took place on July 29, 2015, has been included in the certified record received from the trial court.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting *Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

The crime of unauthorized use of an automobile is codified as follows:

**§ 3928. Unauthorized use of automobiles and other vehicles**

**(a) Offense defined.-**A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

**(b) Defense.-**It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known it.

18 Pa.C.S. § 3928. "A conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle." *Commonwealth v. Carson*, 592 A.2d 1318, 1321 (Pa. Super. 1991).

Our courts have held that whether a person is in actual physical control of a motor vehicle is determined based on the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene. *Commonwealth v. Wolen*, 685 A.2d 1384, 1385 (Pa. 1996). With respect to the crime of unauthorized use of an automobile, the intent

element is more relaxed because the Commonwealth must only establish the defendant was reckless "with respect to the owner's lack of consent to the [defendant's] operation of the vehicle." ***Commonwealth v. Dunlap***, 505 A.2d 255, 257 (Pa. Super. 1985). ***See Commonwealth v. Hogan***, 468 A.2d 493, 495-96 (Pa. Super. 1983) (finding recklessness as minimum standard for *mens rea* for crime of unauthorized use of automobiles and other vehicles).

Further, it is well-settled that:

> a permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods …. However, the mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which would indicate that the defendant knew or had reason to know that the property was stolen.

***Commonwealth v. Matthews***, 632 A.2d 570, 572 (Pa. Super. 1993).

In addressing Appellant's claim that the Commonwealth failed to present sufficient evidence to support his conviction, the trial court offered the following thorough analysis, which we adopt as our own:

> In the instant matter, Officer Agront testified credibly that he observed [Appellant] driving a vehicle matching the license plate number of the reported stolen vehicle on 5200 Magnolia Street fifteen (15) to thirty (30) minutes after the reported theft. (N.T. 7/29/15 p. 13). [Appellant] testified that he operated the Dodge Ram pickup on Magnolia Street and the driveway behind his home. (N.T. 7/29/15 pp. 24-25, 27). The owner of the vehicle, Wayne White, testified that he last left his vehicle in the area of the 6700 block of North 18th Street during his pizza delivery. (N.T. 7/29/15 p. 9). Mr. White also testified that he saw someone drive off in his truck on North 18th Street. (N.T. 7/29/15 p. 9). Mr. White stated that he left the keys to the

truck inside the vehicle without locking the doors. (N.T. 7/29/15 p. 10). Mr. White testified that he did not give anyone permission to drive or operate his motor vehicle on the day and time in question. (N.T. 7/29/15 p. 10).

[Appellant] admits to operating this stolen vehicle approximately thirty (30) minutes after it was initially stolen. (N.T. 7/29/15 p. 24). However, [Appellant] contends that he reasonably believed he had permission to operate the vehicle and that the Commonwealth failed to demonstrate that he should have known that he did not have the owner's permission to use the vehicle. (Statement of Errors Complained of on Appeal 11/12/15 para. 1).

This [c]ourt found that the Commonwealth provided ample circumstantial evidence to show that [Appellant] had reason to know that he lacked permission by the owner to operate the vehicle. Police Officer Agront testified that a thirteen (13) to fifteen (15) year-old juvenile was in the passenger seat of the stolen vehicle when stopped at approximately 10:30 p.m. (N.T. 7/29/15 p. 17). The vehicle was described as a red Dodge Ram 1500 with PA tag YTW-9042. (N.T. 7/29/15 p. 14). [Appellant] testified that a juvenile driving the stolen vehicle gave him permission to operate the Dodge Ram 1500 pickup truck. (N.T. 7/29/15 p. 24). [Appellant's] account of the incident and how he interfaced with the juvenile lacked credibility. (N.T. 7/29/15 p. 30). [Appellant] described the juvenile as sixteen (16) or eighteen (18) years old. (N.T. 7/29/15 p. 27). [Appellant] did not include in his testimony that he believed the juvenile to be the owner of the vehicle but described the juvenile driver's inability to turn the vehicle around and difficulty in maneuvering a Dodge Ram pickup in great detail. (N.T. 7/29/15 p. 24).

Under the totality of the circumstances, this [c]ourt found that evidence of the juvenile's age and his inability to maneuver the large, freshly painted vehicle at 10:30 p.m. at night made it unlikely that [Appellant] could have reasonably believed that the juvenile was the owner. Accordingly, the evidence supports [Appellant's] conviction for unauthorized use of automobiles and other vehicles and this [c]ourt finds his claim to be meritless.

Trial Court Opinion, 4/12/16, at 8-9.

Indeed, our review of the certified record reflects that the Commonwealth presented sufficient evidence to support Appellant's conviction of unauthorized use of an automobile or motor vehicle. N.T., 7/29/15, at 8-23. Viewed in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, the evidence presented by the owner of the vehicle and the arresting police officer was sufficient to prove that Appellant recklessly operated the vehicle in question without the consent of the owner. The evidence, while circumstantial, was also sufficient to prove that Appellant knew or had reason to know that his use of the vehicle was not authorized. Accordingly, Appellant's claim lacks merit.

To the extent that Appellant presents an additional argument that the trial court erred in convicting Appellant because he was allegedly justified in operating the vehicle, Appellant's Brief at 20-24, we agree with the Commonwealth that such claim is waived. Commonwealth's Brief at 12-13. Pursuant to Pennsylvania Rule of Appellate Procedure 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Moreover, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." *Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000). Even issues of constitutional dimension cannot be raised for the first time on appeal. *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008). *See Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa.

Super. 2006) (noting that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief."). Thus, only claims properly presented in the trial court are preserved for appeal. In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e).

Furthermore, as the Commonwealth has observed in its appellate brief, Appellant failed to include in his Pa.R.A.P. 1925(b) statement a claim that the trial court erred in ignoring his justification defense. Commonwealth's Brief at 12. In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002), the Court further expanded the **Lord** holding, stating that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the question of waiver has not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. We have thoroughly reviewed Appellant's Pa.R.A.P. 1925(b) statement and agree with the Commonwealth's position that Appellant has failed to include the issue pertaining to his justification defense in his Pa.R.A.P. 1925(b)

statement. Hence, for this reason too, the issue is waived. Moreover, even if Appellant had included the issue in his Pa.R.A.P. 1925(b) statement, we have stated that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a [Pa.R.A.P.] 1925(b) order." **Commonwealth v. Kohan**, 825 A.2d 702, 706 (Pa. Super. 2003) (citations omitted).

Appellant next argues that the jury's verdict was against the weight of the evidence. Appellant's Brief at 25-27. Appellant asserts that the trial court abused its discretion in not granting his motion for a new trial on this basis because the conviction was based upon mere suspicion and conjecture. **Id**. at 26-27.

In **Commonwealth v. Clay**, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 A.2d at 319-[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.

- 12 -

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

- 13 -

> ***Widmer***, 560 A.2d at 322, 744 A.2d at 753 (quoting ***Coker v. S.M. Flickinger Co.***, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

***Clay***, 64 A.3d at 1054-1055.  "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Diggs***, 949 A.2d 873, 879-880 (Pa. 2008).

The trial court aptly addressed this issue as follows:

> In the present case, the evidence that [Appellant] operated the motor vehicle without permission from the vehicle's legitimate owner is uncontested.  Both Officer Agront and [Appellant] testified that [Appellant] operated the vehicle.  (N.T. 7/29/15 pp. 15, 24-25).  The vehicle owner, Wayne White, testified that he witnessed his car being stolen on North 18[th] Street at approximately 9:30, 9:45 p.m. on January 15, 2015 and did not give permission to [Appellant] nor anyone else to operate it.  (N.T. 7/29/15 pp. 9-10).
>
> [Appellant] concedes to operating the vehicle at approximately 10:15 p.m. or 10:30 p.m. in the area of the 5200 block of Magnolia Street.  (N.T. 7/29/15 p. 27).  The rest of his claims were questionable, unproven, and uncorroborated.  [Appellant] stated he heard a loud bang outside of his house before exiting his home and witnessing the juvenile struggling to operate the Dodge Ram pickup.  (N.T. 7/29/15 p. 24).  [Appellant] also testified that a juvenile driving the stolen vehicle gave him permission to operate the Dodge Ram 1500 pickup truck.  (N.T. 7/29/15 p. 24).  [Appellant] stated that the juvenile could have been sixteen (16) or eighteen (18) years old.  (N.T. 7/29/15 p. 27).  [Appellant] further stated that he did not know the individual but chose to help him back out of the street behind his home to avoid the truck hitting his house again.  (N.T. 7/29/15 pp. 24 -26).  [Appellant] further stated that the truck was inches from his house in the area that had construction stilts propping up a sagging wall.  (N.T. 7/29/15 p. 25).
>
> This [c]ourt, sitting as fact-finder, found Officer Agront's testimony that the juvenile passenger was thirteen (13) to fifteen (15) years old to be credible.  The evidence presented

lends itself to the conclusion that a juvenile of the reported age by Officer Agront could in no way legally be the legitimate owner of the pickup truck. This incident occurred at roughly 10:30 p.m. at night, a late hour. Moreover, [Appellant's] own testimony that the juvenile was incapable of backing up or turning the motor vehicle around in the driveway, further supports that it was not reasonable to believe the juvenile was the legitimate owner of the truck.

The circumstantial evidence provided this [c]ourt with no evidentiary basis to find that [Appellant] could have reasonably believed that a juvenile struggling to operate a motor vehicle, at night, was the legitimate owner. Accordingly, this [c]ourt was unconvinced with [Appellant's] argument that he reasonably believed the juvenile to be the owner of the vehicle–a result which does not at all shock one's sense of justice.

Trial Court Opinion, 4/12/16, at 9-10.

Based upon our complete review of the record, we are compelled to agree with the trial court. Here, the trial court, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant. The trial judge weighed the evidence and concluded Appellant perpetrated the crime of unauthorized use of automobiles and other vehicles. We agree that this determination is not so contrary to the evidence as to shock one's sense of justice. We decline Appellant's invitation to assume the role of fact-finder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judge Moulton joins the Memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2017