J-A27004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE SCOTT JENKINS, | |
| Appellant | No. 1727 WDA 2014 |

Appeal from the Judgment of Sentence September 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006513-2014

BEFORE: BOWES, OLSON, AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:            **FILED NOVEMBER 20, 2015**

Terrence Jenkins appeals from the judgment of sentence of four days incarceration in the DUI Alternative to Jail program and concurrent six months probation that the trial court imposed after it found him guilty of one count each of driving under the influence ("DUI") (general impairment) and DUI (highest rate). We affirm.

The trial court summarized the salient facts as follows:

> Officer Bryan Crabb, a police officer from Mount Lebanon, was on duty the morning of March 7, 2014. Officer Crabb is a police officer with four (4) years experience who received training in Standardized Field Sobriety Testing and is familiar with drunk driving arrests. On March 7, 2014, Officer Crabb came into contact with a black Nissan Rogue that was stopped in front of 466 Duquesne Drive in Mount Lebanon. When Officer Crabb first saw the vehicle, it was running with the headlights off. Despite the weather being clear and dry, the vehicle's windshield wipers were activated. In addition, the vehicle was

parked facing the wrong direction such that the driver's door was adjacent to the curb and the parking lights were activated.

Officer Crabb noticed that an individual, later identified as [Appellant], was sleeping behind the wheel of the vehicle. Officer Crabb approached the vehicle and found the vehicle to be in neutral. It took between ten (10) and fifteen (15) minutes to wake up [Appellant]. After waking [Appellant], Officer Crabb directed him to put the car into park, which he did. Officer Crabb noticed that [Appellant]'s speech was slurred, he had bloodshot and glassy eyes, and there was an odor of alcoholic beverages emanating from the vehicle and [Appellant]'s person. [Appellant] was unable to complete the field sobriety tests and stated "I probably drank too much" and was unable to identify where he was before Officer Crabb found him in the car. [Appellant] then staggered, but not quite stumbled, and stated "take me to jail."

[Appellant] was transferred to St. Clair Hospital for a blood draw. Shortly thereafter, [Appellant] was released to a friend. The results of the blood draw were stipulated as being 0.213%.

Trial Court Opinion, 12/2/14, at 2-3.

On September 25, 2014, the matter proceeded to a non-jury trial, where Appellant was found guilty of both DUI charges. He was subsequently sentenced on that same day to four days incarceration in the DUI Alternative to Jail program and six months probation to be served concurrently. Concomitant with his notice of appeal, Appellant filed a motion for stay of sentence pending review, which was granted on November 3, 2014. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He complied, and the trial court issued its 1925(a) opinion. This matter is now ready for our review.

Appellant raises one issue, which relates to both DUI counts: "Whether the Commonwealth proved beyond a reasonable doubt that the Appellant was in actual physical control of a motor vehicle when there was no evidence presented that demonstrated that the vehicle was in motion or that the Appellant had otherwise operated the vehicle on a roadway within the Commonwealth?" Appellant's brief at 4.

Appellant thus presents a sufficiency challenge, alleging specifically that the trial court had insufficient evidence to find that he was in actual physical control of the vehicle for the purposes of the relevant DUI statutes. He argues that he "only entered the vehicle to charge his phone" and that, because he did not move or attempt to move the vehicle prior to being awakened by Officer Crabb, Appellant could not have been in actual physical control of the vehicle as a matter of law. *Id*. at 13-14. Accordingly, he asserts that the Commonwealth did not satisfy the burden of proof necessary to convict him.

In response, the Commonwealth argues that the evidence it presented at Appellant's bench trial is sufficient to sustain his convictions. Specifically, the Commonwealth presented Officer Crabb, a witness deemed credible by the trial court, who testified that he approached Appellant asleep in a running vehicle, which was stopped in neutral while facing the opposite direction on the two-lane road with engaged brake lights, activated windshield wipers, and extinguished headlights. As the Commonwealth was

not required to prove that Appellant had actually moved the car or was moving at the time he was observed, it contends that the evidence it presented, even if circumstantial, was sufficient to prove that Appellant was in actual physical control of the vehicle as required by the statutes. We agree with the Commonwealth.

This Court's standard of review in sufficiency matters is well settled:

A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Levy*, 83 A.3d 457, 461 (Pa.Super. 2013) (citations omitted).

Herein, we examine Appellant's claim as it relates to this Commonwealth's DUI statutes. Appellant's convictions arise from two separate provisions, reproduced in relevant part:

(a) General impairment.--

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating

or being in actual physical control of the movement of the vehicle.

. . . .

(c) Highest rate of alcohol.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(c).

At issue is whether Appellant maintained "actual physical control of the movement of a vehicle" for the purpose of both provisions. "The concept of 'actual physical control' involves the control of the movements of either the machinery of a motor vehicle or of the management of the vehicle itself." *Commonwealth v. James*, 863 A.2d 1179, 1184 (Pa.Super. 2004) (*en banc*) (citation omitted). We have been clear that the Commonwealth need not to prove that "the vehicle was in motion at the time of the incident[.]" *Id*. Instead, "[a] determination of actual physical control of a vehicle is based upon the totality of the circumstances" that the Commonwealth may establish by circumstantial evidence. *Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa.Super. 2005).

Appellant urges us to rely on our reasoning in *Commonwealth v. Byers*, 650 A.2d 468 (Pa.Super. 1994), wherein we found that evidence was insufficient to convict the appellant of driving under the influence. The

appellant, who did not challenge that he was sufficiently intoxicated, was discovered by a patrolling officer at 3:00 a.m. asleep in his car. His parked vehicle was running, and its headlights were on. The *Byers* Court acknowledged the appellant's assertion that he was "sleeping it off," recognizing that "[t]he policy behind the drunk driving laws supports [reversal of his conviction]. The purpose of these laws is to keep intoxicated drivers off of the road and protect the public at large." *Byers* at 471 (citation omitted).

We reject Appellant's invitation to rely on *Byers*, finding it distinguishable on two important facts. First, the trial court herein credited Officer Crabb's testimony, a credibility determination by which we are bound, that the vehicle was in the neutral position and the brakes were engaged as evidenced by visible brake lights. N.T., 9/25/15, at 17. The trial court therefore found that the vehicle was **not** parked, which could reasonably have suggested that it had been stationary. Unlike Appellant herein, Byers's vehicle was indisputably parked and there is no indication that he pressed either of the foot pedals. Such is not the case we have before us. Second, Appellant acknowledges that the vehicle was on the street when he was approached by Officer Crabb. *Id*. at 29. Appellant Byers, in contrast, was in a vehicle that was in the parking lot of a local lounge when approached by the arresting officer. It is apparent that Appellant herein, considerably intoxicated in the driver's seat of a vehicle in

the neutral position and stopped on the road, exhibited conduct that the legislature sought to deter in crafting our drunk driving laws. As **Byers** is readily distinguishable on the facts, we do not find it is binding.[1]

We instead look to **Williams**, **supra**. In **Williams**, we rejected the appellant's argument that the evidence presented against him was insufficient in a trial for charges of driving under the influence where the Commonwealth presented "testimony that the arresting officer found [a]ppellant in a vehicle parked outside a restaurant, the headlights were on, and the transmission was in park position." **Id**. at 258. His claim of insufficiency rested upon the fact that the Commonwealth did not "eliminate the possibility" that he drank in the restaurant or in the parking lot rather than at a location that required him to travel; thus, the Commonwealth could not have conclusively proven that he was ever in actual physical control of the vehicle while intoxicated as required for conviction under the drunk driving statute.

The **Williams** Court noted that "[o]ur precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the

_____

[1] Though we find it inapplicable, we also recognize that our High Court criticized the **Byers** Court's consideration of whether an intoxicated driver posed a threat to public safety, as such "is not a relevant consideration under the drunk driving statutes." **Commonwealth v. Wolen**, 685 A.2d 1384, 1386 (Pa. 1996).

location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Id*. at 259 (citation omitted). In affirming the trial court's decision that the appellant was in actual physical control of the vehicle, we recognized that he was found in the early morning hours, sitting in the driver's seat of a running car that had engaged headlights and was atypically parked. He admitted to drinking alcohol, had a BAC of .138%, and his only evidence was his own self-serving testimony that was rejected by the trial court as incredible.

Appellant herein, urging this Court to accept his version of the facts, continues to argue that he only entered the car to charge his phone and that the running engine, brake lights, and neutral position of the transmission are not circumstantially indicative that he had driven the car. As in **Williams**, crediting Appellant's arguments requires this Court to accept his facts, despite that the trial court declined to do so. That, however, requires us to view evidence in a light most favorable to Appellant, which we cannot do under our standard of review. Indeed, as the Commonwealth is the verdict winner below, it is entitled to a favorable interpretation of the evidence, including all reasonable inferences therefrom. Importantly, "[t]he Commonwealth 'need not preclude every possibility of innocence' or establish the defendant's guilt to a mathematical certainty." **Williams** at 259 (citing **Commonwealth v. Johnson**, 833 A.2d 260, 264 (Pa.Super. 2003)).

When Officer Crabb approached Appellant in the vehicle, the officer noticed that the car was running, its headlights were off, and, despite clear weather, its windshield wipers were engaged. N.T., 9/25/15, at 7. The vehicle was in neutral, facing the wrong direction with the parking lights activated. *Id*. at 8, 17. Upon approaching, Officer Crabb recognized that Appellant had slurred speech, glassy eyes, and an odor of alcohol. *Id*. at 10. Appellant admitted that he "probably drank too much" and was later found to have a BAC of .213%. *Id*. at 10. The trial court found incredible Appellant's testimony that he went to the vehicle only to charge his phone. *Id*. at 40. This evidence is sufficient to sustain his conviction.

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015