J-A01027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONICA PAOLINI, | |
| Appellant | No. 3068 EDA 2016 |

Appeal from the Judgment of Sentence September 9, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004991-2016

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 22, 2018**

Appellant, Monica Paolini, appeals from the judgment of sentence imposed on September 9, 2016, following her non-jury trial conviction of driving under the influence (DUI).[1]  Specifically, she claims that the evidence was insufficient to support the trial court's verdict.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's June 23, 2017 opinion.  On May 20, 2016, the Philadelphia Municipal Court convicted Appellant of DUI and sentenced her to six months of probation.  Appellant appealed to the Court of Common Pleas, which conducted a non-jury trial on September 9, 2016.  At

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

trial, the Commonwealth presented the testimony of the arresting officers, Philadelphia Police Officers Vincent Labrice and Cindy Yue.

On January 20, 2016, at 12:45 a.m., Officers Labrice and Yue approached Appellant's vehicle, which was parked with the headlights on and the motor running in the parking lot of a closed CVS store located across the street from the Brickhouse Tavern. (*See* N.T. Trial, 9/09/16, at 7-8). When they tried to speak with Appellant, she was distracted looking for her cell phone and not paying attention to the officers. (*See id.* at 8). Officers Labrice and Yue explained that there was a strong odor of alcohol coming out of the vehicle, and that Appellant was wobbling and unable to stand when she got out of the car. (*See id.* at 8-9, 14, 16-17). Appellant admitted to the officers that she had consumed a few drinks at the Brickhouse Tavern across the street. (*See id.* at 9, 15). Both officers testified that they believed that Appellant was under the influence of alcohol. (*See id.* at 10, 15). Officer Yue testified that she did not believe that Appellant could safely operate a motor vehicle. (*See id.* at 15). On cross-examination, Officers Labrice and Yue both conceded that they has no training in DUIs, conducted no field sobriety tests, and that they never saw Appellant's car move. (*See id.* at 11, 16).

The trial court found the testimony of Officers Labrice and Yue to be credible. (*See id.* at 23). It concluded that

> the Commonwealth has sustained its burden with regard to [§ 3802(a)(1)], DUI, general impairment. The facts are clear when the police officers came to the scene, the car was already running. [Appellant] was—appeared to be incoherent, unable to stand, smelled of alcohol, was clearly observed by the officers. The

officers in their joint assessment felt that [Appellant] was unable to—incapable of safely driving the vehicle.

(*Id.*).  The trial court then found Appellant guilty of DUI and sentenced her to six months of probation.  (*See id.* at 24-25).  This timely appeal followed.[2]

Appellant presents one question on appeal:  "Whether the [trial court] committed an error of law when it found Appellant was in actual physical control of a vehicle, and whether the evidence was sufficient to find Appellant guilty of violating 75 Pa.C[.]S[.]A[.] § 3802(a)(1)[?]"  (Appellant's Brief, at 6).

Appellant challenges the sufficiency of the evidence to support her conviction.  (*See id.* at 13-17).  Specifically, she claims that Commonwealth failed to prove that she was in actual physical control of the vehicle.  (*See id.*).  We disagree.[3]

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review.  When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner.  Evidence will be deemed sufficient to support the verdict when it

---

[2] Pursuant to the trial court's order, Appellant filed her concise statement of errors complained of on appeal on October 13, 2016.  The trial court entered its opinion on June 23, 2017.  *See* Pa.R.A.P. 1925.

[3] In the argument portion of her brief, Appellant claims that the evidence was insufficient because there was no evidence of alcohol consumption that would have rendered her unfit to drive.  (*See* Appellant's Brief, at 17-18).  Appellant did not include this issue in her statement of questions involved, nor is it fairly suggested thereby, thus it is waived.  *See* Pa.R.A.P. 2116(a).  Moreover, even if she had included it in her statement of questions, she did not develop this argument supported by citation to pertinent legal authority, thus it would be waived for that reason as well.  *See* Pa.R.A.P. 2119(a).

establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa. Super. 2005) (citations and quotation marks omitted).

Appellant was convicted of violating section 3802(a)(1) of the vehicle code, which provides:

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Our precedent indicates that a combination of the following factors is required in determining whether a person had actual physical control of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. A determination of actual physical control of a vehicle is based upon the totality of the circumstances. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

*Williams*, *supra* at 259 (citations and quotation marks omitted).

In *Williams*, *supra*, this Court concluded that the Commonwealth proved that the appellant had actual physical control of his vehicle where police officers found him parked outside a restaurant, asleep in the driver's seat with his head and hands resting on the wheel, with the engine running,

the headlights on, and the transmission in the park position. ***See id.*** at 258-59.

In ***Commonwealth v. Toland***, 995 A.2d 1242 (Pa. Super. 2010), *appeal denied*, 29 A.3d 797 (Pa. 2011), this Court similarly found that the appellant had actual physical control of the vehicle. In ***Toland***, the Commonwealth proved that the appellant was asleep in the driver's seat of the vehicle with the motor running and headlights on, and there was an unopened six-pack of beer on the floor behind the driver's seat. The appellant's vehicle was parked on a public street in front of a store. The court concluded that although it was unclear where the appellant had been drinking, because he was not sitting in the parking lot of a bar, there was a reasonable inference based on circumstantial evidence that the appellant drove to that location. ***See Toland***, ***supra*** at 1246-47.

Here, the Commonwealth introduced evidence that Appellant was in a parked car, with the motor running and headlights on, outside of a closed CVS drugstore at 12:45 a.m. When they approached Appellant, who was sitting in her vehicle, she was intoxicated to the extent that she could neither focus on their questions to her, nor stand stably upon exiting the car. Appellant admitted to the officers that she had been drinking alcohol at the Brickhouse Tavern, located across the street from the CVS. (***See*** N.T. Trial, 7-17).

Therefore, we conclude that viewing the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence to prove that Appellant had

actual physical control of her vehicle after having consumed enough alcohol to render her incapable of safely doing so. *See Williams*, *supra* at 259. It is reasonable to infer, based on the circumstantial evidence, that Appellant was parked outside of a closed CVS store, and she drove her vehicle to the CVS after drinking alcohol at the Brickhouse Tavern.[4] *See Toland*, *supra* at 1246-47.

Accordingly, we conclude that the evidence presented by the Commonwealth was sufficient to prove that Appellant was guilty of DUI. Appellant's challenge to the sufficiency of the evidence does not merit relief.

Judgment of sentence affirmed.

_____

[4] We find Appellant's reliance on *Commonwealth v. Byers*, 650 A.2d 468 (Pa. Super. 1994), for the argument that she did not have actual physical control of the vehicle, and that the Commonwealth failed to show that she posed a danger to public safety, to be misplaced. (*See* Appellant's Brief, at 15-17). Our Supreme Court in *Commonwealth v. Wolen*, 685 A.2d 1384 (Pa. 1996) (plurality), criticized the *Byers* approach. Specifically the *Wolen* Court observed that "a person's threat to public safety is not a relevant consideration under the drunk driving statutes." *Wolen*, *supra* at 1386 n.4; *see also Toland*, *supra* at 1246-47 (recognizing that *Wolen* called approach in *Byers* into question, and concluding that, at any rate, *Byers* was distinguishable where appellant was not parked in front of bar, but rather parked in front of store).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/18