J-S65002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON MATTHEW NOLTEE | : | |
| | : | |
| Appellant | : | No. 260 MDA 2018 |

Appeal from the Judgment of Sentence January 26, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000240-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 24, 2018**

Appellant, Jason Matthew Noltee, appeals from the judgment of sentence entered on January 26, 2018, following his convictions for driving under the influence ("DUI").  We affirm.

The trial court summarized the facts of the incident giving rise to this appeal as follows:

> At trial, the Commonwealth presented the testimony of the arresting officer that on November 10, 2016, at about 2:14 a.m., he was on routine patrol and observed a vehicle in the parking lot adjacent to a local bar with its brake lights on.  The officer testified that when he returned ten minutes later, the vehicle was still there, the brake lights were still on and three people were standing around the vehicle.  According to the officer's testimony, he approached the vehicle and observed [Appellant] in the driver's seat with his foot on the brake.  The keys were in the ignition, the ignition switch was turned to the "on" position and the radio was on.  The engine was not running.  When [Appellant] was unable to satisfactorily complete field sobriety tests he was arrested for driving under the influence of alcohol.[2]

> [2] The officer testified that three people around the car were employees of the bar who had come out to check on [Appellant].

Trial Court Opinion, 4/11/18, at 2.

Appellant was charged with two counts of DUI.[1]  Following a nonjury trial on November 1, 2017, Appellant was convicted of both charges.  On January 26, 2018, he was sentenced to:  incarceration for a minimum of seventy-two hours and a maximum of six months; a $1,000.00 fine; complete DUI classroom education, DUI treatment, and thirty-five hours of community service; and pay costs and fees.  Order, 1/26/18, at 1.  Appellant filed a notice of appeal on February 8, 2018, and on February 21, 2018, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of that date.  On April 3, 2018, no statement having been filed, the trial court issued a Pa.R.A.P. 1925(a) opinion, recognizing the lack of a statement, but allowing Appellant to thereafter file a statement *nunc pro tunc*.  Appellant filed his Pa.R.A.P. 1925(b) statement, *nunc pro tunc*, on April 4, 2018.  The trial court filed a supplemental Pa.R.A.P. 1925(a) opinion on April 11, 2018.

Appellant presents the following issue for our review:

I.    Was the evidence presented at trial insufficient to prove beyond a reasonable doubt that the Appellant had "actual physical control" of the vehicle when the vehicle's location did not support an inference that the vehicle had been driven and when the Commonwealth failed to present additional evidence that the vehicle had been driven prior to arrival of the police?

_____

[1] 75 Pa.C.S. §§ 3802(a)(1) and (c).

- 2 -

Appellant's Brief at 4.

Appellant argues that he was not in "actual physical control" of his vehicle, as required for a conviction under 75 Pa.C.S. § 3802. Appellant's Brief at 9. Appellant concedes that he had been drinking at the bar and became intoxicated. *Id.* at 12. Appellant asserts, however, that he was "sleeping it off" in the vehicle. *Id.* He maintains that he had not moved the vehicle from where it was parked prior to his drinking at the bar, and therefore he was not in physical control of the vehicle while intoxicated. *Id.* Appellant relies on *Commonwealth v. Byers*, 650 A.2d 468 (Pa. Super. 1994), in support of his position. Appellant's Brief at 11. Appellant maintains that *Byers* put a limit on the definition of "actual physical control" and carved out a clear exception for instances where an intoxicated person never leaves the place where they became intoxicated. *Id.* at 12. Appellant argues that because the record is devoid of any evidence to show that Appellant had driven his car after drinking at the bar, he was not in actual physical control of the vehicle, and pursuant to *Byers*, could not be convicted under 75 Pa.C.S. § 3802. *Id.*

Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and

circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011).

A violation for DUI pursuant to 75 Pa.C.S. § 3802(a)(1) is defined as follows:

**(a) General impairment.**—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). Section 3802(c) further provides:

**(c) Highest rate of alcohol.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

"The term 'operate' requires evidence of actual physical control of either

the machinery of the motor vehicle or the management of the vehicle's

movement, but not evidence that the vehicle was in motion."

**Commonwealth v. Johnson**, 833 A.2d 260, 263 (Pa. Super. 2003).

> A determination of actual physical control of a vehicle is based upon the totality of the circumstances. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

**Commonwealth v. Williams**, 871 A.2d 254, 259 (Pa. Super. 2005) (internal citations omitted).

In applying the above tenets, we conclude that there was sufficient evidence to convict Appellant of DUI under 75 Pa.C.S. § 3802. The trial court's summation of facts is supported by the evidence of record. At 2:14 a.m. on November 10, 2016, Officer Michael Corter approached a vehicle that was parked in a lot adjacent to The Finish Line bar with its brake lights illuminated and three people standing around it. N.T., 11/1/17, at 9. Appellant, the sole occupant of the vehicle, was seated in an upright position in the driver's seat. **Id.** at 10, 28. Although the engine was not running, the keys were in the ignition, the ignition was turned to the "on" position, Appellant's foot was on the brake, and the radio was on.[2] **Id.** at 10, 29. The trial court pointed out

---

[2] We note that there is no requirement that the engine must be running in order for there to be a finding that Appellant was in actual physical control of the vehicle. **See Commonwealth v. Leib**, 588 A.2d 922, 926 (Pa. Super. 1991) (court determined that there was sufficient evidence to convict the defendant of DUI where he was found in parked car with keys in ignition, but motor was not running).

that the illuminated brake lights on Appellant's vehicle are visible on the video played at trial, which was recorded by Officer Corter's police vehicle recorder during the stop. *Id.* at 65. The three individuals around the car were employees of the bar who had gone outside to check on Appellant's well-being. *Id.* at 13. Appellant was intoxicated.[3] *Id.* at 5, 17-20, and 37. Thus, upon review of the evidence presented, we conclude that the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to establish that Appellant was in actual physical control of the machinery of the motor vehicle while intoxicated in violation of 75 Pa.C.S. § 3802(a)(1) and (c). *Johnson*, 833 A.2d 260, 263.

Furthermore, we note that Appellant's reliance upon *Byers* is misplaced. Our Supreme Court abrogated *Byers* in *Commonwealth v. Wolen*, 685 A.2d 1384, 1386 n.4 (Pa. 1996). As our Supreme Court explained in reference to this Court's holding in *Byers*:

> In *Byers* . . . the defendant was asleep behind the wheel of a car in the parking lot of a bar with the engine and lights on. Although there was some dispute at trial as to whether the car had been moved within the parking lot, the defendant had not left the parking lot of the bar where he had been drinking. Under the circumstances of that case, the Superior Court held that there were insufficient facts to prove that the defendant posed a safety hazard to the public, and therefore the Commonwealth had failed to establish that he was in actual physical control of the vehicle. The *Byers* Court reasoned that penalizing a person for "sleeping it off" with the engine running for a purpose other than driving the

---

[3] The trial court noted: "[a]t trial, Appellant did not contest the Commonwealth's evidence that he was intoxicated; in fact, he emphasized his state of intoxication in his defense." Trial Court Opinion, 4/11/18, at 1.

vehicle (for example, to provide heat, operate the radio or power a car phone) would defeat this laudable purpose.

However, nowhere in the statute is there a requirement that the fact-finder should consider whether or not one in actual physical control of a vehicle and under the influence of alcohol or controlled substances poses a threat to public safety. The legislature has reasonably determined that one driving a motor vehicle on the public streets and highways of the Commonwealth while under the influence of alcohol or controlled substances constitutes a threat to public safety per se, even if there are no other members of the public immediately endangered. While it may be laudable that one who realizes that he is incapable of safe driving pulls over to "sleep it off," the legislature has made no exception to the reach of the statute to such individuals. Accordingly, such a person's threat to public safety is not a relevant consideration under the drunk driving statutes.

*Wolen*, 685 A.2d at 1386 n.4 (internal citations omitted). Thus, contrary to Appellant's assertion, *Byers* does not carve out an exception for instances where an intoxicated person never leaves the place where he became intoxicated and does not afford Appellant relief in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018

- 7 -