**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES R. ARMSTRONG | : | |
| | : | |
| Appellant | : | No. 2061 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000518-2018

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JULY 23, 2019**

James R. Armstrong (Armstrong) appeals from the judgment of sentence imposed by the Court of Common Pleas of Lancaster County (trial court) following his bench trial convictions for three Driving Under the Influence (DUI) related offenses. Appellate counsel seeks to withdraw under ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant the application to withdraw and affirm the judgment of sentence.

**I.**

On November 28, 2017, at approximately 2:20 a.m., Officer Michael Naff was dispatched to a Turkey Hill convenience store for a reported unconscious driver. Officer Neff observed a vehicle near the gas pumps and made contact with the driver, Armstrong, whose pupils were constricted and

---

* Retired Senior Judge assigned to the Superior Court.

did not respond to light. Armstrong also had problems standing and walking and told a responding emergency medical technician (EMT) that he had taken medications prior to operating his vehicle. Armstrong was then transported to the hospital.

Officer Naff requested that Officer Redinger, a certified drug recognition expert, proceed to the hospital for a drug influence evaluation. Armstrong refused and Officer Naff then read Armstrong the DL-26B form.[1] Armstrong refused to consent and at that point, Officer Redinger began preparing a search warrant application. While waiting, Armstrong asked Officer Naff what was happening. The officer explained that a search warrant was being prepared for purposes of drawing Armstrong's blood. Armstrong said "that if we were going to apply for a search warrant that he would just give blood anyway." N.T. Suppression, 6/6/18, at 9. Subsequent testing revealed the presence of several controlled substances.[2] Additionally, Armstrong's license was suspended due to a prior DUI. Armstrong was found guilty of all three

---

[1] The DL-26B form informs motorists of the civil penalties for failing to consent to a blood draw. *See Commonwealth v. Robertson*, 186 A.3d 440, 443 (Pa. Super. 2018).

[2] The parties stipulated to the following results: "The blood specimen was found to contain Alprazolam; 11-Hydroxy Delta-9 THC; Delta-9 Carboxy THC; Delta-9 THC; Oxycodone – Free; Oxymorphone – Free; Quetiapine; Carisoprodol; and Meprobamate." N.T. Stipulated Trial, 9/26/18, at 5. The parties also stipulated that the substances are controlled substances under the Drug, Device, and Cosmetic Act. *Id*. at 6.

charged offenses[3] and sentenced to an aggregate period of one to five years' incarceration.[4]

## II.

We must first address counsel's application to withdraw. *See Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2013) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Both procedural and substantive requirements must be satisfied. Procedurally, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates. The application indicates that counsel reviewed the entire record and concluded that the instant appeal is wholly frivolous. The application states that a copy of the

---

[3] 75 Pa § 3802(d)(1)(i); 75 Pa § 3802(d)(2); and 75 Pa.C.S. 1543(b)(1.1)(i).

[4] Armstrong was eligible for a Recidivism Risk Reduction Incentive minimum sentence, 61 Pa.C.S. §§ 4501 – 4512, and his minimum sentence was reduced to nine months.

*Anders* brief was attached to a letter, which was appended to the application to withdraw as Exhibit A. That letter informs Armstrong that he has the right to hire private counsel or file a *pro se* brief. *See Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007) (noting this Court's precedents requiring that counsel attach to their withdrawal petition a copy of the letter sent to the client).

We now examine the substantive elements. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. Counsel's *Anders* brief summarizes the factual and procedural history and identifies two potential issues. It cites to parts of the record that tend to support the claim and outlines the legal analysis that led counsel to conclude that any appeal would be frivolous.

### III.

Because counsel has complied with the aforementioned requirements, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. The *Anders* brief identifies two issues arguably

supporting an appeal: (1) a sufficiency challenge to the DUI charges and (2) whether the sentence was an abuse of discretion.

We agree that any challenge to the DUI charges is frivolous.[5] Armstrong was convicted of two DUI counts, 75 Pa.C.S. §§ 3802(d)(1)(i) and (d)(2). With respect to the former offense, the Commonwealth can sustain a conviction under that subsection by establishing the actor was in "actual physical control of the movement of a vehicle . . . [with] any amount of a Schedule I controlled substance" in the individual's blood. 75 Pa.C.S. § 3802(d)(1)(i). Since the parties stipulated that the substances reported were qualifying controlled substances, the evidence was sufficient to establish the presence of a Schedule I controlled substance in Armstrong's blood.

As to the actual physical control aspect, while the evidence presented at the stipulated trial does not indicate whether the engine was running, the totality of the circumstances sufficed for the fact-finder to conclude that Armstrong was in actual physical control. *See Commonwealth v. Wolen*, 685 A.2d 1384, 1385 (Pa. 1996) (reiterating that "totality of the circumstances, including the location of the vehicle, whether the engine was

---

[5] "Our standard of review is *de novo*, and our scope of review is plenary, because: a claim challenging the sufficiency of the evidence is a question of law . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Neysmith*, 192 A.3d 184, 189 (Pa. Super. 2018).

- 5 -

running and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene" determines whether the Commonwealth established actual physical control). Officer Naff received a call of an unconscious motorist at a Turkey Hill store in a car which was near the gas station island. Additionally, Armstrong was behind the wheel and informed the EMT that he had taken some medications before driving. Those facts circumstantially established actual physical control.

The DUI crime codified at § 3802(d)(2) requires proof that "The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802. Thus, unlike § 3802(d)(2), this subsection requires proof of actual impairment and causation. Our Supreme Court held in **Commonwealth v. Griffith**, 32 A.3d 1231 (Pa. 2011), that the Commonwealth is not required to present expert testimony. While the precise levels of the substances in Armstrong's blood were not established, the Commonwealth's summary of evidence included the following stipulation: "Based on Officer Redinger's training and experience as a drug recognition expert, he believed the defendant was under the influence of a controlled substance or substances." N.T. Stipulated Trial, 9/26/18, at 5. When combined with the additional observations of the EMT and Officer Naff, as well as Armstrong's statements to the EMT that he had taken medications

prior to operating the vehicle, we agree that the totality of the circumstances established the crime beyond a reasonable doubt to the extent any challenge to the sufficiency is frivolous.

We also agree with counsel's assessment of the sentencing claim. The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. *See Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007). To invoke this court's jurisdiction when challenging the discretionary aspects of a sentence, "we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted). Armstrong failed to file any post-sentence motion challenging the discretionary aspects of sentencing meaning that issue is not preserved for appellate review.

Even if preserved and assuming *arguendo* that Armstrong could present a substantial question, we would still conclude the appeal is without merit. The trial judge imposed the mandatory minimum of one year incarceration and the statutory maximum of five years' incarceration. 75 Pa.C.S. § 3802(c)(3)(i) (individual who violates 3802(d) and has two or more prior

convictions must be sentenced to at least one year of imprisonment). Since the minimum imposed was the lowest permitted by law, the sentence is within the guidelines, notwithstanding the fact that the trial court imposed the statutory maximum. *Commonwealth v. Coulverson*, 34 A.3d 135, 146 (Pa. Super. 2011). Pursuant to 42 Pa.C.S. § 9781(c)(2), when the sentencing court has imposed a sentence within the guidelines, we must vacate and remand if application of the guidelines was "clearly unreasonable," otherwise, we must affirm.

In *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007), our Supreme Court noted that reasonableness is not defined in the statute and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Id*. at 963. Reasonableness is assessed in two distinct ways. First, 42 Pa.C.S. § 9781(d) states that we shall consider the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id*.

"A sentence may be found unreasonable if it fails to properly account for these four statutory factors . . . [or] if the sentence was imposed without express or implicit consideration by the sentencing court of the general

standards applicable to sentencing." ***Commonwealth v. Durazo***, 2019 PA Super 150, ---- A.3d ---- (Pa. Super. May 7, 2019) (citation omitted, bracketing in original). Those general standards are codified as follows:

> **(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

This sentence is not unreasonable under either framework. Armstrong requested a house arrest sentence and informed the judge that he does not have a drinking or drug problem and only takes one prescribed narcotic as needed. The judge interjected:

> THE COURT: Here's the problems with that, Mr. Armstrong.
>
> You're standing here telling me you don't have a problem, and yet, on this occasion, you're behind the wheel of a car. There is a whole – even reading your letter, there's a whole hour period of time that you can't account for. You're in the parking lot of a facility, your head is leaning against the steering wheel, and the next thing you know, you wake up in the hospital.
>
> [ARMSTRONG]: I passed out.
>
> THE COURT: There's a problem there, don't you think?
>
> [ARMSTRONG]: I was up for 36 hours. I passed out. And I also mentioned in the letter that after seeing several specialists for this, me and my doctor and the specialist have come to a conclusion that it could have been part of my medication, past medical history, and the fact that I was up for 36 hours due to pain.

> THE COURT: Well – and then there's the other part of this. Even though you have a license that was suspended as a result of that drunk driving charge –
>
> [ARMSTRONG]: I understand that.
>
> THE COURT: --you then nevertheless get behind the wheel of a car and operate it.

N.T. Sentencing, 11/19/18, at 5.

The court then indicated that it read the pre-sentence report and the comments at sentencing, which evidences an examination of all mitigating circumstances, including Armstrong's letter to the judge. Because Armstrong had two prior DUI offenses and committed the instant offense while his license was suspended due to a prior DUI, we conclude that there is nothing clearly unreasonable about this sentence. The trial judge considered the general factors set forth under 42 Pa.C.S. § 9721, and our review of the four factors in 42 Pa.C.S. § 9781 does not suggest any abuse of discretion whatsoever. We, therefore, agree that any challenge to the sentence is frivolous.

## IV.

Before discharging counsel, we need to conduct an independent review of the case, *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*), and also consider issues raised in the *pro se* response. *See Commonwealth v. Nischan*, 928 A.2d 349, 353–54 (Pa. Super. 2007) (we examine "issues raised in the *Anders* brief and in any *pro se* brief to

- 10 -

determine whether we agree with counsel's assessment that the appeal before us is frivolous.").

We first address the *pro se* response which raised as an additional issue the suppression claim. "I'm asking that the court look at everything . . . to overturn the deci[s]ion of the trial court for the supre[ss]ion of the blood evidence. This is the main reason for filing the appeal." *Pro se* Brief at unnumbered 4.

Here, any dispute regarding the validity of Armstrong's consent comes down to a credibility determination as Armstrong argues that he did agree to give blood but only to the hospital staff. "I allowed the hospital to take blood and told them don't give it to the officer. The blood was only given for hospital [purposes]." ***Id***. at 2. This was the same argument presented during suppression. On cross-examination of Armstrong, the following exchange occurred:

> Q. Mr. Armstrong, you heard Officer Naff testify that you changed your mind upon hearing that Officer Redinger was applying for a search warrant, correct?
>
> A. Yes.
>
> Q. And you heard that he affirmed with you three times that you were consenting to the blood draw, correct?
>
> A. Yes.
>
> Q. So is he lying that you confirmed three times?
>
> A. That is correct. I gave consent to give my blood to the hospital because I was laying in a hospital bed and had no idea exactly what was going on. The nurse came in and stated that she needed

blood to run some tests.  I agreed to give it to the hospital, not the officer, which is why the form was never signed.

Q. So Officer Naff and his conversation that had with you is –that's completely fabricated, correct?

A. Correct.

N.T. Suppression, 6/6/18, at 13-14.

The suppression court did not credit Armstrong's testimony and we are bound by its determinations.  "With respect to factual findings, we are mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses.  Further, the suppression court judge is entitled to believe all, part or none of the evidence presented."  **Commonwealth v. Swartz**, 787 A.2d 1021, 1023 (Pa. Super. 2001) (*en banc*) (quotation marks and citation omitted).  As that was the sole basis for suppression, any appeal based on disturbing the credibility determinations is frivolous.

In addition to this *pro se* issue, we have conducted an independent review to identify any preserved, non-frivolous issues which were not raised in the **Anders** brief.  Finding none, we grant counsel's petition to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/2019

- 12 -