No. 766 August 27, 2025 107

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH EDWARD McCABE,
*Defendant-Appellant.*

Clackamas County Circuit Court
24CR06694; A184050

Susie L. Norby, Judge.

Argued and submitted June 6, 2025.

Zachary J. Stern argued the cause for appellant. Also on the briefs was Zachary J. Stern, PC.

Megan Mizuta, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and fourth-degree assault, ORS 163.160(2). He seeks reversal of the portion of the judgment in which the trial court permanently revoked his driver's license after determining that the DUII conviction was defendant's third due to a prior Pennsylvania conviction that qualified as a "statutory counterpart" to Oregon's DUII statute under ORS 809.235 (1)(b).[1] In his sole assignment of error, defendant challenges the trial court's determination that Pennsylvania's driving under the influence of alcohol or a controlled substance (DUI) statute was a "statutory counterpart" to Oregon's DUII statute. We conclude that the trial court did not err because the Pennsylvania DUI statute was a statutory counterpart to Oregon's DUII statute at the time of defendant's Pennsylvania DUI conviction. Accordingly, we affirm.

Whether an out-of-state statute is a statutory counterpart to ORS 813.010 is a question of law, and we review the trial court's determination for legal error. *State v. Donovan*, 243 Or App 187, 191, 256 P3d 196 (2011).

The relevant facts on appeal consist of the nature and timing of defendant's Pennsylvania DUI conviction and two Oregon DUII convictions. Defendant was convicted of DUI in Pennsylvania in 2006 and DUII in Multnomah County, Oregon, in 2011. He pleaded guilty to DUII in Clackamas County in 2024, which resulted in the conviction before us in this appeal. At sentencing for the 2024 conviction, defendant argued that the Pennsylvania DUI statute, 75 PaCS § 3802, was not a statutory counterpart to Oregon's DUII statute because a person can be convicted of DUI in Pennsylvania even if they did not *drive* a vehicle and a person does not

---

[1] ORS 809.235(1) states, in relevant part:

"(b) The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants in violation of ORS 813.010 or if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

"(i) ORS 813.010; or

"(ii) The statutory counterpart to ORS 813.010 in another jurisdiction."

violate ORS 813.010 if they do not drive a vehicle. Therefore, according to defendant, the 2024 DUII conviction constitutes his second DUII offense for purposes of ORS 809.235, not his third. The trial court disagreed and permanently revoked defendant's driver license under ORS 809.235(1)(b).

On appeal, defendant reprises the argument he made below and asserts that the trial court erred when it determined that Pennsylvania's DUI statute, 75 PaCS § 3802, was a "statutory counterpart" to Oregon's DUII statute, ORS 813.010, and, as a result, permanently revoked defendant's driving privileges. The state argues that the trial court did not err because the Pennsylvania statute does require a person to drive a vehicle to be found guilty of DUI.

The parties' dispute presents a question of statutory interpretation. We identify the legislature's intent by examining the text of the statutes in context and give any relevant legislative history the weight that we deem appropriate. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). We consider case law interpreting a statute as part of the statute's context. *Stop B2H Coalition v. Dept. of Energy*, 370 Or 792, 800, 525 P3d 864 (2023) (citing *SAIF v. Walker*, 330 Or 102, 109, 996 P2d 979 (2000)).

The pertinent text of ORS 809.235(1) provides:

"(b)  The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants in violation of ORS 813.010 or if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A)  Driving while under the influence of intoxicants in violation of:

"(i)  ORS 813.010; or

"(ii)  The *statutory counterpart* to ORS 813.010 in another jurisdiction."

(Emphasis added.)

The legislature intended an out-of-jurisdiction statute, such as the Pennsylvania DUI statute, to be a statutory counterpart to ORS 813.010 if the elements "closely match."

*State v. Guzman/Heckler*, 366 Or 18, 35-38, 455 P3d 485 (2019). A close match exists if the "elements are the same or nearly the same as the elements of the Oregon statute to which it is compared." *State v. Renfro*, 320 Or App 72, 73, 511 P3d 451 (2022).

Oregon's DUII statute, ORS 813.010, provides:

"(1)   A person commits the offense of driving while under the influence of intoxicants if the person *drives a vehicle* while the person:

"(a)   Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under [the implied consent statutes];

"(b)   Is under the influence of an intoxicant or a combination of intoxicants; or

"(c)   Within two hours after driving a vehicle, and without consuming alcohol in the intervening time period, has 0.08 percent or more by weight of alcohol in the blood of the person, as shown by chemical analysis of the breath or blood of the person made under [the implied consent statues]."

(Emphasis added.) DUII has two elements in Oregon, as the text indicates. A person must "(1) [*drive*] a motor vehicle (2) while under the influence of intoxicants." *State v. King*, 316 Or 437, 446, 852 P2d 190 (1993), *overruled in part on other grounds by Farmers Ins. Co. v. Mowry*, 350 Or 686, 261 P3d 1 (2011) (emphasis added). "[I]t is well settled that, to be guilty of DUII, a person must 'drive' while intoxicated, ORS 813.010(1), and 'driving' requires putting a vehicle in motion." *State v. Bilsborrow*, 230 Or App 413, 419, 215 P3d 914 (2009). Thus, ORS 813.010 can be violated only when a person puts "a vehicle in motion" or "otherwise propels it in any way." *Id*. at 419; *Moe v. MVD*, 133 Or App 75, 79, 889 P2d 1334 (1995).

The Pennsylvania DUI statute that defendant was convicted of violating provides, in relevant part:

"(1)   An individual may not *drive, operate or be in actual physical control of the movement of a vehicle* after imbibing a sufficient amount of alcohol such that the individual is

rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

"(2)   An individual may not *drive, operate or be in actual physical control of the movement of a vehicle* after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."

75 PaCS § 3802(a) (emphases added).[2]

The dispute in this case turns on whether the phrase "be in actual physical control of the movement of a vehicle" in 75 PaCS § 3802 requires a person to drive a vehicle. If it does not, then the parties appear to the agree that the Pennsylvania statute would not be a "statutory counterpart" to ORS 813.010.

In the words of the Pennsylvania Supreme Court, the meaning of that phrase is "muddle[d]," and the Pennsylvania Supreme Court has attempted to clarify it in a series of cases over the past 30 or so years. *Bold v. Dep't of Transportation, Bureau of Driver Licensing*, 320 A3d 1185, 1191 (Pa 2024). When interpreting foreign statutes, this court "accord[s] a special status to prior interpretations of the highest court of the relevant jurisdiction." *Guzman/Heckler*, 366 Or at 29. We thus turn to the Pennsylvania Supreme Court cases. The parties' arguments focus on three Pennsylvania Supreme Court cases: *Commonwealth v. Wolen,* 546 Pa 448, 685 A2d 1384 (1996); *Banner v. Commonwealth, Dep't of Transportation, Bureau of Driver Licensing*, 558 Pa 439, 737 A2d 1203 (1999); and *Bold*.

In *Wolen*, the defendant was found intoxicated and in the passenger seat of a vehicle in a parking lot with the engine running. 546 Pa at 449, 685 A2d at 1385. The defendant was convicted of violating 75 PaCS § 3802(a)(1) for being "in actual physical control of the movement of any vehicle" while intoxicated. *Id*. at 450, 685 A2d at 1385. The defendant argued on appeal that the trial court improperly instructed the jury when it responded to the jury's request for a definition

---

[2] 75 PaCS § 3802(a) contains the same language now as it did when defendant was convicted under the statute, in 2006.

of "actual physical control" by saying that "[i]f [a person] were seated in the driver's seat, they would be in a position to control" a vehicle. *Id*. at 454, 685 A2d at 1387. The Pennsylvania Supreme Court, in a plurality decision, affirmed the conviction and held that "[b]ecause the trial court did not instruct the jury that a person behind the wheel of a vehicle is in actual physical control of that vehicle as a matter of law, the instruction was not improper." *Id*. at 454, 685 A2d at 1388. Defendant interprets *Wolen* to hold that a person may violate 75 PaCS § 3802 even if there is no evidence of driving. Although that may be one reasonable reading of *Wolen*, it is the not how the Pennsylvania Supreme Court understands *Wolen*. The court explained in *Bold* that *Wolen* "arguably (at least)" also "requir[ed] a reasonable suspicion of actual movement." *Bold*, 320 A3d at 1193.

After *Wolen*, the Pennsylvania Supreme Court decided *Banner* in 1999, which also presented a question about whether the defendant had "actual physical control" of a vehicle under 75 PaCS § 3802. *Banner*, 558 Pa 447, 737 A2d at 1207. In *Banner*, the court explained that "actual physical control" required objective evidence "that the motorist exercised control over the movement of the vehicle at the time he was intoxicated." *Id*. at 448, 737 A2d 1207. The court concluded that "[a] line must be drawn to distinguish circumstances where a motorist is driving his vehicle while under the influence of alcohol, which the statute is intended to prevent, and circumstances where a motorist is physically present in a motor vehicle after becoming intoxicated." *Id*. at 449, 737 A2d at 1208. *Banner* did not expressly address the portions of *Wolen* in which the court arguably had suggested that 75 PaCS § 3802 did not require evidence that a defendant was driving the vehicle.

In 2024, while this appeal was pending, the Pennsylvania Supreme Court resolved any ambiguity created by *Wolen* and *Banner* and held that 75 PaCS § 3802 requires evidence "indicating that the motorist had driven the vehicle at some point prior to the arrival of the police." *Bold*, 320 A3d at 1201 (citing *Banner*, 558 Pa 447, 737 A2d at 1207). The court explained that its holding was consistent with and a reiteration of *Banner*. *Id.* at 1200-01. Thus,

based on the Pennsylvania Supreme Court's decision in *Bold*, we understand that a defendant may be found guilty of DUI under 75 PaCS § 3802 only when the defendant drove the vehicle, and a defendant may not be found guilty if they did not drive the vehicle. That has been the law in Pennsylvania at least since the *Banner* decision in 1999, as the Pennsylvania Supreme Court's explained in *Bold*.

If we were reading *Banner* and *Wolen* without the benefit of *Bold*, then we might understand Pennsylvania law to permit a conviction for DUI if a defendant were intoxicated in a vehicle and there was no evidence that the defendant had been driving, consistent with defendant's argument to us. Indeed, the *Bold* court itself acknowledged that *Banner* was confusing on that point. *Id*. at 1195. However, as noted above, when interpreting foreign statutes, this court "accord[s] a special status to prior interpretations of the highest court of the relevant jurisdiction." *Guzman/Heckler*, 366 Or at 29. Therefore, for the purposes of determining whether ORS 813.010 and 75 PaCS § 3802 were statutory counterparts at the time of defendant's 2006 Pennsylvania DUI conviction, we adhere to the Pennsylvania Supreme Court's interpretation of 75 PaCS § 3802 under *Banner*, as described by that court in *Bold*.

We thus conclude that the Pennsylvania DUI statute that defendant was convicted of violating, 75 PaCS § 3802, is a "statutory counterpart" to ORS 813.010. The conduct elements of DUI in Pennsylvania at the time of defendant's conviction, including the "actual physical control" element, are the same as or nearly the same as the "drive" element of ORS 813.010. Therefore, the trial court did not err in determining that Pennsylvania's DUI statue is a "statutory counterpart" to Oregon's DUII statute and in permanently revoking defendant's driving privileges under ORS 809.235(1)(b).

Affirmed.